**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  05-307 (RWR)** |
| | : | |
| v. | : | |
| | : | **FILED** |
| **MARY MCCLENDON,** | : | **UNDER SEAL** |
| | : | APR - 9 2008 |
| Defendant. | : | Clerk, U.S. District and Bankruptcy Courts |

**GOVERNMENT'S MOTION FOR DEPARTURE FROM**
**GUIDELINE SENTENCE AND MANDATORY MINIMUM SENTENCE**

The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, respectfully moves this Court to find that the defendant, Mary McClendon,

is entitled to the benefits of a sentencing departure as provided by Title 18, United States Code,

§ 3553(e) and § 5K1.1 of the United States Sentencing Guidelines.  These provisions authorize the

Court, upon motion of the government, to impose a sentence below the minimum which would

otherwise be required by statute and the sentencing guidelines.  The United States submits this

motion based on the substantial assistance which the defendant has rendered in the investigation and

prosecution of other persons.

I.      Procedural and Factual Background

On March 22, 2005, the defendant was arrested as part of the first Congress Park take-

down in United States v. Antwuan Ball, et.al., Criminal Case No. 05-100 (RWR).  The defendant

was arraigned and was released by the Court to heightened supervision.  On August 19, 2005, the

defendant pled guilty pursuant to a cooperation agreement with the government.  As part of this

agreement, a one-count information was filed against the defendant, charging her with one count of

conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841 (b)(1)(A)(iii) in Criminal Case No. 05-307 (RWR).

The criminal conduct which established the factual basis for the above-referenced plea was set forth in a factual proffer, to which the defendant signed and agreed. From in or about sometime in 1999 and continuing up to and through March 2005, within the District of Columbia, the defendant Mary McClendon, also known as "Nooney," knowingly and intentionally conspired with a number of persons known and unknown to the government, to distribute and possess with intent to distribute a mixture and substance containing more than 50 grams of cocaine base. The principal object of the conspiracy was to make money and illicit profits for its leaders, members, and associates from the distribution and possession with intent to distribute cocaine base, commonly known as crack cocaine.   McClendon used a large percentage of her own profits to obtain crack cocaine for personal use, or she would be paid a small quantity of crack cocaine for brokering drug transactions for other members of the conspiracy.

During the course of the conspiracy, and to affect its object, McClendon did commit, among other things, the following overt acts:

Beginning in 1999, McClendon regularly purchased wholesale quantities of crack cocaine in and about the 3400 block of 13th Place, Southeast, Washington, DC.  Working primarily out of two apartments, one located at 3408 13th Place, Southeast, Apartment #204, and another located at 3406 13th Place, Southeast, Apartment #101, McClendon then redistributed the crack cocaine she had obtained.  Through her participation in the conspiracy, McClendon assisted in the distribution of at least 500 grams of cocaine base, also known as crack cocaine, to customers in the District of

Columbia.

McClendon regularly purchased wholesale quantities (usually in amounts ranging between ten and twenty zip-locks of crack cocaine at an approximate cost of $100) from Gregory Bell, also known as "Boy-Boy." McClendon arranged for customers of the conspiracy to purchase these wholesale quantities of crack cocaine from Gregory Bell on hundreds of occasions. McClendon also purchased wholesale quantities of crack cocaine, or arranged for customers of the conspiracy to purchase such quantities from an individual known to McClendon as "Mick," from an individual known to McClendon as "Burke," from an individual known to McClendon as "Chow Wow," from an individual known to McClendon as "EB," from an individual known to McClendon as "Wop," from an individual known to McClendon as "JT," and from an individual known to McClendon as "Doo-Doo," all of whose true identities are known to the government. McClendon purchased wholesale quantities from a number of other members of the conspiracy as well.

The government concurs with the analysis of the Presentence Report writer, Mr. Michael Penders, who has concluded that pursuant to the Federal Sentencing Guidelines, the defendant's base offense level is 37, due to her status as a career offender, and that her guideline range is 262-327 months incarceration.

II.    <u>Nature and Extent of Cooperation</u>

Mary McClendon has provided substantial assistance to the government since her arrest in this case. Upon her arrest, Ms. McClendon immediately agreed to speak to the agents, naming several of her co-conspirators. McClendon sat down and debriefed with the government on numerous occasions. In June 2006, she testified in open court in the trial of <u>US v Newett Ford</u>, Criminal Case No. 05-100-09 (RWR).    Newett Ford was a member of the Congress Park Crew who was tried

separately on narcotics conspiracy and distribution charges.  Ms. McClendon testified about Ford's

relationship with other co-conspirators and his narcotics distributions.  Ford was convicted on all

counts.  Ms. McClendon also met with the government and was prepared to testify in the US v.

Antwuan Ball, et.al. trial.  The government found her to be forthcoming and honest.  However, due

to tactical reasons, the government decided not to call her at that trial.  Still, Ms. McClendon came to

court, and she was willing and prepared to testify.[1]

Ms. McClendon's involvement in the conspiracy was based on her addiction to crack cocaine.

Furthermore, the government is unaware of any acts of violence committed by Ms. McClendon. After

more than a year of negative drug tests, Ms. McClendon was no longer required to undergo drug

testing.  However, she was tested recently in conjunction with the preparation of the presentence

report, and the test was positive for cocaine. Clearly, Ms. McClendon needs help with her drug

addiction.  However, in weighing the factors of 18 U.S.C. § 3553, given Ms. McClendon's age,

weight, health, and need for treatment,  the government is requesting that Ms. McClendon be

sentenced to time served and  a five-year period of supervised release, with the condition that she

participate in, and successfully complete, a substance abuse treatment program, as approved and

directed by the Probation Officer.

---

[1]The government further notes that pursuant to 21 U.S.C. §862(e), Ms. McClendon may
still be eligible to receive federal benefits, as the prohibition of federal benefits to drug traffickers
does not apply to any individual who cooperates or testifies with the Government in the
prosecution of a Federal or State offense.

WHEREFORE, the Government respectfully requests that the Court impose a sentence below

the applicable Sentencing Guideline range and below any applicable statutory mandatory minimum.


Respectfully submitted,
JEFFREY A. TAYLOR
Bar No. 498-610
United States Attorney


By:     ANN H. PETALAS
        TX. Bar No. 24012852
        202-307-0476
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530
        Ann.Petalas@usdoj.gov
        **Counsel for United States**


### CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been sent by first class mail to counsel for the defendant, Joseph Virgilio, Esquire, 1629 K Street, NW, Suite 300,  Washington, DC 20006, this 9th day of April, 2008.


Ann H. Petalas
Assistant United States Attorney